AMY LAVELLE                                        NO. 24-C-521

VERSUS                                             FIFTH CIRCUIT

DAVID ARMSTRONG                                    COURT OF APPEAL

                                                  STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

                          November 06, 2024

                          Linda Wiseman
                          First Deputy Clerk

**IN RE** DAVID ARMSTRONG

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE ELLEN SHIRER KOVACH, DIVISION "K", NUMBER 827-994

---

Panel composed of Judges Susan M. Chehardy,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT GRANTED**

In this writ application, defendant, David G. Armstrong, seeks review of the trial court's November 4, 2024 judgment granting plaintiff, Amy Lavelle, "the sole, exclusive authority to execute the Act of Sale for 4504 Barnett Street, Metairie, LA 70006 on November 7th, 2024 at Select Title on behalf of David Armstrong should he not appear and execute the Act of Sale on either November 5th or 6th, 2024." According to the materials submitted with the writ application, the parties came before the trial court on Ms. Lavelle's petition for partition and entered into a consent judgment on March 7, 2023. In this consent judgment, the parties stipulated that "they are co-owners of the immovable property located at 4504 Barnett Street, Metairie, Louisiana."[1] The parties also agreed to a nonjudicial partition to list the property for sale for $250,000.00 with a realtor whom they would mutually agree upon in 10 days. Mr. Armstrong contends, however, that shortly after entering into this consent judgment, the residential structure on the property was demolished, requiring modification of the consent judgment.

On July 19, 2023, the parties appeared in court on Mr. Armstrong's motion for authority to list the property for sale and Ms. Lavelle's

---

[1] Mr. Armstrong contends that the property at issue is "separately owned property purchased prior to the [parties'] marriage."

opposition. Following the hearing, the parties entered into another consent judgment dated August 16, 2023, providing as follows:

> **IT IS ORDERED, ADJUDGED AND DECREED THAT** Amy Lavelle is granted exclusive permission to list the property at 4504 Barnett Street, Metairie, La. for sale, and she shall have sole authority to sign all listing agreements, realtor contracts and disclosure forms, associated with listing the property for sale.

On or about October 18, 2024, Ms. Lavelle filed an Emergency Motion for Order of Authorization of Sale and Deposit of Sale's (sic) Proceeds In To (sic) The Registry of Court. Ms. Lavelle alleges in the motion that on October 17, 2024, she received an offer on the property for $160,000.00. She agreed to the offer on October 18, 2024, pursuant to the attached Louisiana Residential Agreement to Buy or Sell. Ms. Lavelle argued that Mr. Armstrong is unlikely to concur in the sale, so she asked the trial court for exclusive sole authority to sign the act of sale for both parties and to order that the proceeds be deposited in the registry of court for further proceedings. Ms. Lavelle correctly noted that the August 16, 2023 consent judgment did not provide her with the sole exclusive authority to execute the act of sale on behalf of herself and Mr. Armstrong. It only provided her with authority to "sign all listing agreements, realtor contracts and disclosure forms." At the conclusion of the hearing, the trial court granted Ms. Lavelle the requested sole authority if Mr. Armstrong did not appear and execute the act of sale on November 5th or 6th, 2024.

In his opposition to the emergency motion and in this writ application, Mr. Armstrong contends that the consent judgment involves a nonjudicial partition and the trial court did not have the authority to compel him to agree to the terms of the sale. He contends that Ms. Lavelle did not present him with the purchase offer at issue until she served him with the emergency motion, and that she signed the purchase agreement without his consent, in violation of the August 16, 2023 consent agreement. He also argues that the trial court did not have the authority to grant Ms. Lavelle sole, exclusive authority to execute an act of sale to sell the immovable property. He contends that this constitutes a judicial partition by private sale pursuant to La. C.C.P. art. 4607 without first following the statutory requirements.

After reviewing the plain language of the August 16, 2023 consent judgment, we agree that it only granted Ms. Lavelle the authority to sign documents "associated with listing the property for sale." La. C.C. art. 2996 provides that the "authority to alienate, acquire, encumber, or lease a thing must be given expressly." The consent judgment does not authorize Ms. Lavelle to enter into an agreement to sell or to execute an act of sale without Mr. Armstrong's consent as part of this nonjudicial partition. Thus, the trial court erred by ordering Mr. Armstrong to appear and execute the act of sale, and by granting Ms. Lavelle sole, exclusive authority to execute the act of

sale if he did not appear and execute the act of sale as ordered.  Accordingly, we grant this writ application and reverse the trial court's November 4, 2024 judgment.

Gretna, Louisiana, this 6th day of November, 2024.

**SUS**
**SMC**
**TSM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **11/06/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-521**

### E-NOTIFIED

24th District Court (Clerk)
Honorable Ellen Shirer Kovach (DISTRICT JUDGE)
No Attorney(s) were ENOTIFIED

### MAILED

David Armstrong  (Relator)
In Proper Person
4713 Perry Drive
Metairie, LA 7006

Amy Lavelle  (Respondent)
In Proper Person
6535 Bellaire Drive
New Orleans, LA 70124